**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
EDWARD PICHÉ,                              )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )
                                           )   Civil No. 2006-79
STOCKDALE HOLDINGS, LLC, d/b/a             )
CAPTAIN NAUTICA (and a/k/a CAPTAIN         )
NAUTICA, INC.), PARKER F.                  )
STOCKDALE, and SUSAN M. STOCKDALE,         )
                                           )
          Defendants.                      )
_____)
```

ATTORNEYS:

**John E. Stout, Esq. and Julie German Evert, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Ruth Miller, Esq.**
St. Thomas, U.S.V.I.
   *For the defendants.*

<u>ORDER</u>

**GÓMEZ, C.J.**

   Before the Court is the motion of the defendants, Stockdale Holdings, LLC, d/b/a Captain Nautica, Parker F. Stockdale, and Susan Stockdale to exclude any expert witnesses of the plaintiff, Edward Piché ("Piché"), under Federal Rule of Civil Procedure 37,

*Piché v. Stockdale Holdings, LLC, d/b/a Captain Nautica, et al.*
Civil No. 2006-79
Order
Page 2

as a sanction for alleged discovery violations. The defendants have also filed a motion to deem conceded their Rule 37 motion.

Local Rule of Civil Procedure 37.1 requires that,

> [p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37, other than a motion relating to depositions under Federal Rule of Civil Procedure 30, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible. . . .

LRCi 37.1.

Additionally, Local Rule of Civil Procedure 37.2 provides:

> (a) STIPULATION. If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1. The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion.
>
> . . .
>
> (c) FAILURE TO FILE STIPULATION. The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> > (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
> >
> > (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(a),(c).

The instant motion, however, contains no certification that

*Piché v. Stockdale Holdings, LLC, d/b/a Captain Nautica, et al.*
Civil No. 2006-79
Order
Page 3

the defendants have in good faith conferred or attempted to confer with Piché in an effort to obtain the requested authorizations for release of information.  Nor have the parties submitted any stipulation in accordance with Local Rule 37.2, certifying their compliance with Local Rule 37.1.

Accordingly, it is hereby

**ORDERED** that the motion to exclude Piché's expert witnesses is **DENIED** without prejudice; and it is further

**ORDERED** that the motion to deem conceded is **DENIED** as moot.

S_____
  **Curtis V. Gómez**
  **Chief Judge**